Sam WILLIAMSON, Appellant,

v.

BAYTOWN SUN, INC., Appellee.

No. 3640.

Court of Civil Appeals of Texas.

Waco.

June 18, 1959.

Samuel Williamson, Houston, for appellant.

Reid, Strickland, Gillette & Ramsey, Baytown, for appellee.

WILSON, Justice.

A bill of interpleader filed by Alvin Sun, Inc., admitted liability on three promissory notes and tendered the amount due for determination of conflicting claims of appellant and appellee.

The unchallenged fact findings of the trial court as basis for appellee's judgment were that the maker of the notes, who subsequently became president of Alvin Sun, Inc., was associated in the newspaper business with the President of Baytown Sun, Inc.; that Alvin Sun, Inc. assumed the payment of the notes; that the payees requested payment of same before maturity, whereupon Baytown Sun, Inc. furnished the maker funds which he applied to the prepayment, with intention that the three notes be held for benefit of Baytown Sun, Inc.; that the notes were endorsed to the maker, who endorsed them to appellant, without the knowledge or consent of Baytown Sun, Inc.; that appellant was not a holder in due course.

The trial court concluded that when the maker acquired his notes he held them for appellee under a resulting trust. Appellant's sole point attacks this decision.

We sustain the conclusion. Supporting it was the fact that the maker negotiated a purchase of Alvin Sun, Inc., as an agent and associate of a newspaper syndicate. To consummate the transaction he executed three notes payable to the owners. Alvin Sun, Inc., of which the maker became president, assumed payment of the notes, and the payee requested pre-payment in exchange for other considerations. It appeared the purchase would "fall through" since local funds for the necessary prepayment could not be obtained. The president of Baytown Sun, Inc. agreed to advance the necessary sum by a Cashier's Check. In return, the maker, now president of Alvin Sun, Inc., executed his note

payable to Baytown Sun, Inc. for the sum advanced and took up the three notes. The maker's intention was to repay the money "at the time it came." When the maker "got the money from the Alvin Sun" the advance would be repaid. The demand note for the advance was to evidence its use for accounting purposes. The maker, after acquiring his notes with the funds advanced by appellee, endorsed them to appellant as attorney's fees. The latter had knowledge of the facts.

■ Appellant points to evidence tending to show the sum advanced to take up the notes was a personal loan from appellee to his assignor, contending appellee's relation was only that of a lender of money and no constructive trust arose. There was clear and convincing evidence to support the trial court's conclusion to the contrary.

The judgment is affirmed.